O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#28

CIVIL MINUTES - GENERAL

| Case No. | CV10-0552 PSG (MLGx) | Date | July 29, 2010 |
|---|---|---|---|
| Title | Budget Blinds, Inc. v. Waqar Mahmood | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):　　　Attorneys Present for Defendant(s):

Not Present　　　　　　　　　　　　　　Not Present

**Proceedings:** **(In Chambers) Order Denying Defendant's Second Amended Motion to Dismiss for Improper Venue or, in the Alternative, to Transfer Venue**

Pending before the Court is Defendant's Second Amended Motion to Dismiss for Improper Venue or, in the Alternative, to Transfer Venue. The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court DENIES Defendant's motion.

I.　　Background

Budget Blinds, Inc. ("Plaintiff" or "Budget Blinds") is headquartered in Orange County, California. *See Compl.* ¶ 9. On February 13, 2004, Defendant Waqar Mahmood ("Defendant") attended a "Discovery Days" forum in Orange County for prospective Budget Blinds franchisees. *See Jackson Decl.* ¶ 23. On February 17, 2004, Plaintiff and Defendant executed two license agreements that granted Defendant the right to operate Budget Blinds businesses within a specified geographic region in the state of Texas. *See id.* at ¶ 4. The agreements were drafted by Plaintiff in California, *see id.* at ¶ 21, and signed by Defendant in Texas, *see Mahmood Decl.* ¶ 3. The agreements contain a forum selection clause that states: "Any and all court proceedings arising out of or relating to this Agreement . . . shall be brought in, and only in, the United States District Court for the Central District of California . . . ." *See id.* ¶ 3, Ex. 1, at § 11.08 (License Agreement).

After the agreements were signed, Defendant received franchisee training in the Central District of California from March 29, 2004 to April 9, 2004. *See Jackson Decl.* ¶ 22. Thereafter, Defendant operated a Budget Blinds franchise from his home in Austin, Texas until 2009. *See Mahmood Decl.* ¶ 7. All sales and services performed under the license agreements

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#28

**CIVIL MINUTES - GENERAL**

| Case No. | CV10-0552 PSG (MLGx) | Date | July 29, 2010 |
|---|---|---|---|
| Title | Budget Blinds, Inc. v. Waqar Mahmood | | |

allegedly occurred in the state of Texas. *See id.* Defendant eventually fell behind on his fee payments, and Plaintiff notified Defendant of his default under the license agreements on January 12, 2009. *See Jackson Decl.* ¶¶ 10-11.

On January 24, 2010, Plaintiff filed suit against Defendant for (1) breach of contract, (2) service mark infringement under 15 U.S.C § 1114, (3) false designation/unfair competition under 15 U.S.C. § 1125(a), (4) unfair business practices, (5) unjust enrichment, (6) accounting, and (7) injunctive relief. On April 9, 2010, Defendant acting *pro se* filed an Answer and a Motion to Dismiss for Improper Venue, or, in the Alternative, to Transfer Venue. On April 26, 2010, Defendant moved for leave to amend his Answer and his motion to dismiss and transfer, which the Court granted, permitting Defendant to file an amended answer and motion by May 14, 2010.

On May 14, 2010, Defendant, now represented by counsel, filed an Amended Motion to Dismiss for Improper Venue, or, in the Alternative, to Transfer Venue, a First Amended Answer, and a First Amended Counterclaim. The Court, however, ordered the Motion to be stricken because the motion was set for a closed hearing date. On May 20, 2010, Defendant filed a Second Amended Motion to Dismiss for Improper Venue, or, in the Alternative, to Transfer Venue (the "motion"). As the Motion is properly viewed as two distinct motions, the court will resolve each motion separately.

II. Motion to Dismiss

Defendant's motion to dismiss is untimely. In granting Defendant leave to amend his Answer and motion to dismiss, the Court set a May 14, 2010 filing deadline. Though Defendant's counsel timely filed the amended motion to dismiss on May 14, 2010, the Court ordered the motion to be stricken for failure to comply with the local rules, General Order 08-02, and the Court's Standing Order. *See* Dkt. #39. Defendant did not file a Rule 6(b) motion to extend the deadline retroactively. *See* Fed. R. Civ. P. 6(b)(1)(B) ("[T]he court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."). Thus, Defendant's motion to dismiss is untimely. Accordingly, the Court DENIES Defendant's motion to dismiss.

III. Motion to Transfer

In addition to seeking dismissal of Plaintiff's case for improper venue, Defendant moves to transfer the case to the Western District of Texas pursuant to 28 U.S.C. § 1404(a). In the

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#28

**CIVIL MINUTES - GENERAL**

| Case No. | CV10-0552 PSG (MLGx) | Date | July 29, 2010 |
|---|---|---|---|
| Title | Budget Blinds, Inc. v. Waqar Mahmood | | |

Opposition, Plaintiff contends that the licensing agreements between the parties contain a forum selection clause mandating litigation in this district and that Defendant has not provided sufficient evidence of inconvenience to warrant transfer of this case.

    1.    <u>Legal Standard</u>

Under 28 U.S.C. § 1404(a),[1] a district court has the discretion to transfer a civil action to any other district in which the action might have been filed "[f]or the convenience of parties, witnesses and in the interest of justice." As the Ninth Circuit explained in *Jones v. GNC Franchising, Inc.*, 211 F.3d 495 (9th Cir. 2000), the Court should weigh multiple factors in addition to the convenience of witnesses and the interests of justice, including the following factors derived from the *forum non conveniens* context:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Id.* at 498-99. In addition to these eight factors, the Ninth Circuit also considers the presence of a forum selection clause and the relevant public policy of the forum state as significant factors. *See id.* at 499. Other courts also consider the relative docket congestion of the transferor and transferee courts. *See, e.g.*, *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995).

The burden is on the moving party to show that transfer is appropriate. *See Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979); *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1155 (S.D. Cal. 2005). However, the district court has broad discretion in deciding a motion to transfer venue because the analysis involved is "flexible and individualized." *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S. Ct. 2239, 101 L. Ed. 2d 22 (1988); *see also Norwood v. Kirkpatrick*, 349 U.S. 29, 32, 75 S. Ct. 544, 99 L. Ed. 789

---

[1] Although Defendant contends that "[a]ll three of the factors under 28 U.S.C. § 1391(b) favor transfer of this action to Austin, Texas[,]" *Mot.* 6:27-28, a motion to transfer is made under 28 U.S.C. § 1404(a). Section 1391 governs where an action may be brought, not *whether* an action should be transferred.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#28**

**CIVIL MINUTES - GENERAL**

| Case No. | CV10-0552 PSG (MLGx) | Date | July 29, 2010 |
|---|---|---|---|
| Title | Budget Blinds, Inc. v. Waqar Mahmood | | |

(1955) (noting that Congress intended for district courts to have discretion to transfer upon a lesser showing of inconvenience than that required for *forum non conveniens*).

    B.    <u>Discussion</u>

Defendant seeks to transfer this case to the Western District of Texas pursuant to 28 U.S.C. § 1404(a). In its opposition, Plaintiff emphasizes the presence of a forum selection clause in the licensing agreements and argues that the § 1404(a) factors weigh in favor of keeping the case in the Central District of California. For the following reasons, the Court finds that Defendant has not demonstrated that transfer is appropriate in this case.

        1.    <u>Propriety of Venue in the Western District of Texas</u>

The parties do not dispute that the action might have been filed in the Western District of Texas. First, a district court in Texas would have subject matter jurisdiction over Plaintiff' claims under 28 U.S.C. § 1332. Second, a Texas court would have personal jurisdiction over Defendant because Defendant is a resident of Texas. Third, venue would lie in the Western District of Texas because Defendant resides in the Western District of Texas. *See* 28 U.S.C. § 1391(a)(1). Therefore, the action might have been filed in the Western District of Texas. As the action "might have been brought" in the proposed transferee court, the Court must make an "individualized, case-by-case determination of convenience and fairness." *See Jones*, 211 F.3d at 498.

        2.    <u>An Individualized Determination of Convenience and Fairness</u>

            a.    <u>Presence of a Forum Selection Clause</u>

The forum selection clause contained in the licensing agreements between Defendant and Plaintiff states in part: "Any and all court proceedings arising out of or relating to this Agreement . . . shall be brought in, and only in, the United States District Court for the Central District of California . . . ." *See Opp.* 6:3-6. The presence of a forum selection clause may militate against transfer of an action. *See In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989) ("While other factors might 'conceivably' militate against a transfer . . . the venue mandated by a choice of forum clause rarely will be outweighed by the other 1404(a) factors."); *Jet Innovations v. Ross*, No. 09-5542, 2009 WL 2984850, at *2-*3 (C.D. Cal. Sept. 14, 2009) (finding that the § 1404(a) factors did not outweigh the forum selection clause in the final Master Agreement between the parties). However, a forum selection clause must first be enforceable to be relevant

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#28**

**CIVIL MINUTES - GENERAL**

| Case No. | CV10-0552 PSG (MLGx) | Date | July 29, 2010 |
|---|---|---|---|
| Title | Budget Blinds, Inc. v. Waqar Mahmood | | |

to the § 1404(a) analysis.

Forum selection clauses are prima facie valid and should be set aside only if the party challenging enforcement can "clearly show that enforcement would be unreasonable and unjust." *See Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 92 S. Ct. 1907, 32 L. Ed. 2d 513 (1972); *see also Doe 1 v. AOL, LLC*, 552 F.3d 1077, 1083 (9th Cir. 2009) ("A forum selection clause is presumptively valid; the party seeking to avoid a forum selection clause bears a 'heavy burden' to establish a ground upon which we will conclude the clause is unenforceable.").

Defendant does not argue that the scope the forum selection clause does not govern this case. Instead, Defendant argues that the forum selection clause should not be enforced because it is unconscionable under California law. *See Mot.* 10:5-11:14. However, federal courts apply *federal* law when determining the enforceability of a forum selection clause. *See Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir 1988). Defendant does not argue that the forum selection clause is unenforceable under federal law.

A forum selection clause may be unreasonable under federal law if one of the following conditions is satisfied: "(1) if the inclusion of the clause in the agreement was the product of fraud or overreaching; (2) if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced; and (3) if enforcement would contravene a strong public policy of the forum in which suit is brought." *Holland Am. Line, Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 457 (9th Cir. 2007); *see also Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004). The plaintiff bears a "heavy burden" in challenging the reasonableness of a forum selection clause, *see Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996), and a "forum selection clause should control absent a strong showing that it should be set aside," *Bremen*, 407 U.S. at 15.

i. Fraud or Overreaching

In the motion, Defendant does not argue that the agreement was the product of fraud or overreaching, nor does he argue any facts to support such a theory. Instead, Defendant asserts that the forum selection clause is substantively unconscionable on the grounds that the licensing agreements require Defendant to "waive a [right to a] jury trial, waive recovery of punitive and exemplary damages and force Defendant to travel to California to litigate his claims . . . ." *See Mot.* 10:26-11:1. These allegations, if true, merely restate the terms of the agreement and do not, by themselves, entail that the agreements were the product of fraud or overreaching.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#28

**CIVIL MINUTES - GENERAL**

| Case No. | CV10-0552 PSG (MLGx) | Date | July 29, 2010 |
|---|---|---|---|
| Title | Budget Blinds, Inc. v. Waqar Mahmood | | |

Defendant does, however, provide a declaration that offers some facts relevant to the *process* of forming the licensing agreements. *See Mahmood Decl.* ¶ 4 ("I was pressured into signing the 2004 Budget Blinds License Agreements by a sales representative of Budget Blinds who informed me that their [sic] would be a price increase for my franchise territories . . . if I did not immediately sign the agreements."); *id.* ¶ 5 ("I did not have any input into negotiating the terms of section 11.08 of the 2004 Budget Blinds License Agreement which designates this court and California law to govern this dispute.").

To the extent the Court relies upon the arguments presented in the declaration and not in the motion, Defendant has not presented sufficient evidence to show that the licensing agreements were the product of fraud or overreaching. First, Defendant has not alleged a single fact to show that the licensing agreements were entered into as a result of fraud—Defendant does not point to any alleged misrepresentation or omission made during the formation of the contracts. Second, to the extent that Defendant relies on allegations of asymmetrical bargaining power in its Declaration to support a theory of overreaching, *see Mahmood Decl.* ¶¶ 5-6, allegations of asymmetrical bargaining power alone will not invalidate a forum selection clause. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593, 111 S. Ct. 1522, 113 L. Ed. 2d 622 (1991). Indeed, the lack of any bargaining at all is insufficient to invalidate a forum selection clause. *See id.* ("[W]e do not adopt the Court of Appeals' determination that a nonnegotiated forum-selection clause in a form ticket contract is never enforceable simply because it is not the subject of bargaining.").

Additionally, Defendant claims in the declaration that a representative of Plaintiff stated that the price of the agreements would increase by $30,000 if the contract was not immediately signed. *See Mahmood Decl.* ¶ 4. However, such an allegation does not qualify as fraud or overreaching because Defendant could have still walked away. Therefore, the Court finds that Defendant has failed to offer sufficient evidence to show that the forum selection clause of the licensing agreements was the product of fraud or overreaching.

ii. <u>Inconvenience of Litigation</u>

Defendant does not contend that enforcement of the forum selection clause would effectively deprive Defendant of his day in court. Defendant merely asserts that it should not be enforced because it would be inconvenient for it to litigate in California, and that the clause favors Plaintiff because Plaintiff's principal place of business is in this District. *See Mot.* 10:28-11:2. Defendant does not offer allegations that enforcement of the forum selection clause would impose such a grave inconvenience so as to effectively deprive Defendant of his day in court.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#28

CIVIL MINUTES - GENERAL

| Case No. | CV10-0552 PSG (MLGx) | Date | July 29, 2010 |
|---|---|---|---|
| Title | Budget Blinds, Inc. v. Waqar Mahmood | | |

Therefore, the Court finds that the inconvenience of litigation does not render the forum selection clause unreasonable.

### iii. Public Policy of the Forum

Although Defendant mentions California public policy in passing, *see id.* at 10:9-11, Defendant does not identify any California public policy interest that would be violated if the forum selection clause is enforced. Therefore, the Court finds that the Defendant fails to make a sufficient showing as to this factor.

### iv. Summary

Defendant has failed to provide sufficient evidence to show that the forum selection clause was procured through fraud or overreaching, that enforcement would be so inconvenient as to deprive Defendant of his day in court, or that enforcement would contravene California public policy. Thus, the forum selection clause is enforceable. The presence of a forum selection clause, however, is not dispositive on a motion to transfer, and the other § 1404(a) factors must be considered alongside the forum selection clause. *See Jones*, 211 F.3d at 499 n.20 (citing *Stewart*, 487 U.S. at 31); *see also Stewart*, 487 U.S. at 32 ("We hold that federal law, specifically 28 U.S.C. § 1404(a), governs the District Court's decision whether to give effect to the parties' forum-selection clause . . . ."). Nevertheless, this factor weighs strongly against transfer of this action.

### b. Convenience of the Witnesses

The Court first considers the convenience of the witnesses, which courts often recognize as the most important factor in ruling on a motion to transfer under 28 U.S.C. § 1404(a). *See* Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial* § 4:733 (The Rutter Group 2009). The Court must not only consider the number and location of witnesses on each side, but also the importance of the witnesses to the case. *See Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1335-36 (9th Cir. 1984) (analyzing this factor in the forum non conveniens context); *Bomanite Corp. v. Newlook Int'l Inc.*, No. 07-1674, 2008 WL 1767037, *8 (E.D. Cal. 2008) (requiring the party seeking transfer to designate: (1) the key witnesses to be called, (2) the location of the witnesses, (3) the nature of their testimony, and (4) the relevance or necessity of their testimony). In this case, both Defendant and Plaintiff provide a list of the potential witnesses, with brief explanations of their location and testimony.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#28

CIVIL MINUTES - GENERAL

| Case No. | CV10-0552 PSG (MLGx) | Date | July 29, 2010 |
|---|---|---|---|
| Title | Budget Blinds, Inc. v. Waqar Mahmood | | |

       i.       Party Witnesses

Neither party specifically identifies any party witnesses.  However, Defendant will likely be a key witnesses in this case.  Defendant is a resident of Texas and declares that he will "suffer significant financial hardship" if "forced to incur travel costs for trial . . . ."  *See Mahmood Decl.* ¶ 9.  Plaintiff does not specifically address Defendant's inconvenience in having to litigate in California.  While Plaintiff is a California corporation with its principal place of business in Orange County, California, *see Compl.* ¶ 9, Plaintiff does not identify any party witnesses who would be inconvenienced if the case were transferred to Texas.  Therefore, the convenience of the party witnesses weighs in favor of transfer.

       ii.       Non-Party Witnesses

The convenience of non-party witnesses generally takes precedence over the convenience of party witnesses. *See Catch Curve, Inc. v. Venali, Inc.*, No. 05-4820, 2006 WL 4568799, at *3 (C.D. Cal. Feb. 27, 2006).  Defendant provides a list of the following non-party witnesses with a brief description of each witness' testimony:

    (1)    "Sunland Shutters," a supplier located in Texas, who would have "knowledge of cancelled orders caused by interference from representatives of Budget Blinds[;]"

    (2)    "former franchisees of Budget Blinds who experienced similar problems with their sales territories under Budget Blinds" that are located in Texas; and

    (3)    a "real estate agent" with knowledge of the sales potential of Defendant's sales territory who is located in Texas.

*See Mot.* 9:5-17.

Plaintiff does not contest the materiality of Defendant's witnesses and also provides a list of the following non-party witnesses, each of whom resides "in or near" the Central District of California:

    (1)    Mike Herrera, a former Budget Blinds sales representative who worked with Defendant when he was considering becoming a franchisee and coordinated the signing of the licensing agreements;

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#28

**CIVIL MINUTES - GENERAL**

| Case No. | CV10-0552 PSG (MLGx) | Date | July 29, 2010 |
|---|---|---|---|
| Title | Budget Blinds, Inc. v. Waqar Mahmood | | |

    (2)    Chris Kandler, a former Budget Blinds employee who assisted with preparing the company's "Uniform Franchise Offering Circular;"

    (3)    Tom Gallardo, a former Budget Blinds employee who assisted with training Defendant;

    (4)    Norman Shutters, a vendor who supplied window covering products to Defendant; and

    (5)    "Sunland Shutters," which Plaintiff alleges has a principal place of business in Long Beach, California.[2]

*See Opp.* 8:4-9:2.

    Although Defendant describes the nature of its three witnesses' testimony, Defendant does not describe how their testimony is *relevant* to the case or whether the testimony is material, as required in a motion to transfer. *See Alcoa Steamship Company, Inc. v. M/V Nordic Regent*, 654 F.2d 165, 167 (2nd Cir.1978) (holding that sufficient information must be included to establish that the named witnesses are "key witnesses who need to be called and that their testimony is material."). Furthermore, Defendant fails to even identify its second and third witnesses, instead asserting that it will bring testimony from purported "franchisees" and "a real estate agent" who reside in Texas. *See Mot.* 9:10-19. Because these parties are not identified, Defendant has only identified a single witness located in Texas, Sunland Shutters, whose testimony may, but has not been shown to be, relevant or necessary to the case.

    Plaintiff, on the other hand, has identified four key witnesses who reside in California and whose testimony, as described by Plaintiff, will likely be relevant to the case. For example, Herrera coordinated the signing of the licensing agreements, the very terms at issue in this case. *See Opp.* 8:7-11. Kandler, who drafted Plaintiff's "Uniform Franchise Offering Circular," will testify to the representations that were made to Defendant in the document. *See id.* at 8:12-16. Gallardo both trained Defendant on behalf of Budget Blinds and assisted with the support of

---

    [2] Plaintiff disputes Sunland Shutters' residency. Plaintiff asserts that Sunland Shutters' principal place of business is in California, *see Opp.* 18:25-19:4, but Defendant asserts that Sunland Shutters is located in Texas, *see id.* at 8:24-9:2; *Reply* 6:8-12. Because this dispute is not dispositive of the outcome of this motion, the Court construes this factual issue in favor of Defendant and assumes that Sunland Shutters is located in Texas for the purpose of this motion.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#28**

**CIVIL MINUTES - GENERAL**

| Case No. | CV10-0552 PSG (MLGx) | Date | July 29, 2010 |
|---|---|---|---|
| Title | Budget Blinds, Inc. v. Waqar Mahmood | | |

Defendant's franchise. *See id.* at 8:17-18. Finally, Plaintiff's fourth witness, Norman Shutters, will offer testimony related to Defendant's allegations of "cancelled orders." *See id.* at 8:19-23. Defendant does not contest the relevance of these witnesses' testimony to this case.

In weighing the convenience of the non-party witnesses, the Court finds that Defendant has only identified one potential witness located in Texas, whose relevance to this case is uncertain, whereas Plaintiff has identified four key witnesses located in California whose testimony is likely to be relevant—assuming that Sunland Shutters is considered to be located in Texas. Therefore, the convenience of the non-party witnesses weighs against transfer.

        c.    <u>The Location Where the Relevant Agreements Were Negotiated and Executed</u>

Defendant contends that the licensing agreements were executed in Texas. *See Mot.* 8:1-2. Plaintiff contends, however, that the agreements were drafted and negotiated in this district. *See Opp.* 14:1-3. Plaintiff also argues that a substantial part of the communication between the parties leading up to the execution of the agreements occurred while Defendant was in California for Plaintiff's "Discovery Days." *See id.* at 14:12-14. Neither party contests these factual assertions. Therefore, the Court finds that because the agreements were negotiated in this district but executed in Texas, this factor is neutral.

        d.    <u>The State Most Familiar with the Governing Law</u>

Defendant makes no argument related to the governing law of this case. Plaintiff, however, argues that this factor weighs in favor of keeping the case in this district because some of Defendant's counterclaims arise under California law—Defendant asserts counterclaims for unfair competition under Cal. Bus. & Prof. Code § 17200, and for unfair trade practices under Cal. Bus. & Prof. Code § 16600. *See Mot.* 17:23-25. Plaintiff further argues that only its own claim for Breach of Contract will arise under Texas law, and that the rest of its claims arise under federal or California law. *See id.* at 17:26-18:1. Therefore, this factor weighs against transfer.

        e.    <u>Plaintiff's Choice of Forum</u>

Ordinarily, "great weight" is accorded to the plaintiff's choice of forum. *See Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). However, in determining the amount of deference to be given to the plaintiff's choice of forum, a court must consider the extent of both the

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#28**

**CIVIL MINUTES - GENERAL**

| Case No. | CV10-0552 PSG (MLGx) | Date | July 29, 2010 |
|---|---|---|---|
| Title | Budget Blinds, Inc. v. Waqar Mahmood | | |

plaintiff's and the defendant's contacts with the forum, including those relating to the plaintiff's cause of action. *See id.* ("If the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to minimal consideration." (citation omitted)).

> i. The Parties' Contacts with the Forum

Defendant claims that it lacks significant contacts with California because it does not operate a California franchise, has never made any sales in California, and has always operated its franchise business from its location in Austin, Texas. *See Reply* 4:20-5:2; *Mahmood Decl.* ¶¶ 7-8. Defendant further argues that the "acts and events alleged in Plaintiff's Complaint regarding Defendant's operation of his franchise business occurred in Texas." *See Mot.* 8:3-10.

Plaintiff argues that this factor favors keeping the case in this district because Plaintiff's business and employees are located in the Central District of California. *See Opp.* 18:7-8. Furthermore, Defendant traveled to this judicial district to attend Plaintiff's "Discovery Days" sessions for prospective franchisees prior to the signing of the licensing agreements, and Defendant traveled to California for training by Budget Blinds between March 29, 2004 and April 9, 2004. *See id.* at 18:7-13.

Although Defendant's franchise business was conducted in Texas, Defendant traveled to California on multiple occasions in connection with the transactions at issue. In addition to Defendant's contacts with the state, Plaintiff's contacts with California are extensive. Therefore, this factor is neutral.

> ii. The Contacts Relating to Plaintiff's Causes of Action

Defendant offers a brief argument that Plaintiff's claims are based on conduct that occurred in Texas, specifically conduct related to its franchise business. *See Motion* 8:3-7. However, Defendant fails to identify the relevant claims or the alleged conduct on which those claims are based. The Court notes, moreover, that Plaintiff's claims are also based on the alleged breach of terms negotiated and drafted in California. *See Opp.* 14:17-20. Thus, this factor is also neutral.

> f. The Differences in the Costs of Litigation in the Two Forums

Defendant does not make any argument directly addressing the relative costs of litigation

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#28

**CIVIL MINUTES - GENERAL**

| Case No. | CV10-0552 PSG (MLGx) | Date | July 29, 2010 |
|---|---|---|---|
| Title | Budget Blinds, Inc. v. Waqar Mahmood | | |

in California and Texas. Defendant's only arguments that can be construed as related to this factor involve the required travel of Defendant's key non-party witnesses to California. *See Mot.* 8:9-13. The convenience of non-party witnesses, however, was already addressed by the Court above and does not favor transfer. Moreover, Plaintiff argues that the costs of litigation do not favor transfer because the majority of the records and documents related to this case are located in California. *See Opp.* 19:16-20:3. Therefore, the Court finds that this factor favors keeping the case in this district.

    g. <u>Availability of Compulsory Process to Compel Attendance of Unwilling Non-Party Witnesses</u>

The Court also considers "the availability of compulsory process to compel attendance of unwilling non-party witnesses." *See Jones*, 211 F.3d at 498-99. If witnesses are unwilling to testify in California, this Court would need to rely on its subpoena power. However, with rare exception, the Court's subpoena power extends outside of this district only if the place of service is "within 100 miles of the place specified for the deposition, hearing, trial, production or inspection." Fed. R. Civ. P. 45(b)(2). As discussed above, in this case, Defendant has identified only one non-party witness that may be outside the Court's subpoena power. On the other hand, Plaintiff has identified at least four non-party witnesses that may be outside the Court's subpoena power if this case were brought in Texas. Therefore, this factor weighs against transfer.

    h. <u>Ease of Access to Sources of Proof</u>

Defendant argues that all of its witnesses are located in Texas, s*ee Mot.* 9:5-7, but as this Court has noted above, it has only identified one such witness. Plaintiff, however, has shown that four non-party witnesses are located in California. *See Opp.* 8:4-9:2. Additionally, Plaintiff argues that the majority of the documents related to this case are located in this district, s*ee id.* at 19:16-20:3, which Defendant does not challenge. Therefore, the Court finds that this factor favors keeping the case in this district.

  C. <u>Summary</u>

The following factors weight either against or strongly against transfer of the case: the presence of a forum selection clause, the convenience of the non-party witnesses, the state most familiar with the governing law, the difference in the costs of litigation in the two forums, the availability of compulsory process to compel attendance of unwilling non-party witnesses, and

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#28**

**CIVIL MINUTES - GENERAL**

| Case No. | CV10-0552 PSG (MLGx) | Date | July 29, 2010 |
|---|---|---|---|
| Title | Budget Blinds, Inc. v. Waqar Mahmood | | |

the ease of access to sources of proof. The following factors are neutral: the location where the relevant agreements were negotiated and executed, the parties contacts related to the forum, and the contacts relating to Plaintiff's causes of action. The only factor that weighs in favor of transfer is the convenience of the party witnesses. On balance, the forum selection clause and the § 1404(a) factors favor keeping this case in the Central District of California. Therefore, the Court DENIES Defendant's motion to transfer venue.

IV.     Conclusion

Based on the foregoing, the Court DENIES Defendant's Second Amended Motion to Dismiss for Improper Venue, or, in the Alternative, to Transfer Venue.

**IT IS SO ORDERED.**