# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLINDS BUDGET INC., a California corporation,<br><br>　　　Plaintiff/Counter-Defendant,<br><br>　　vs.<br><br>WAQAR MAHMOOD, an individual; and DOES 1-10, Defendants<br><br>　　　Defendants/Counter-Claimant. | Case No.: CV10-00552 PSG (MLGx)<br>*HON. PHILIP S. GUTIERREZ*<br><br>**ORDER ON STIPULATION RE:  PROTECTIVE ORDER**<br><br>Complaint filed: Jan. 26, 2010 |

## STIPULATION RE: PROTECTIVE ORDER

1. <u>Purposes and Limitations.</u>

Disclosure and discovery activity in this litigation are likely to involve production of confidential, proprietary, or private information for which special protection against public disclosure and use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, Plaintiff Budget Blinds, Inc. ("Plaintiff") and Defendant Waqar Mahmood ("Defendant"), by and through their counsel of record, hereby stipulate to and petition the Court to enter the following Stipulation and Proposed Protective Order ("Protective Order").

1

The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection the Protective Order affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10 below, that this Protective Order creates no entitlement to file confidential information under seal. Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

2.  Definitions.

   2.1   Party: any party to this litigation, including a party who is not a natural person, the term "Party" shall include all of its or his officers, directors, and employees.

   2.2   Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, but not limited to, testimony, transcripts, documents or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

   2.3   "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F. R. Civ. P. 26(c).

   2.4   Receiving Party: a Party that receives Disclosure or Discovery Material from a Designating Party.

   2.5   Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this litigation.

   2.6   Designating Party: a Party or non-party that designates its Disclosure or Discovery Material as "Confidential."

   2.7   Protected Material: any Disclosure or Discovery Material that is designated as "Confidential."

  2.8 <u>Counsel</u>:  attorneys who represent or advise a Party in this litigation (as well as their support staff), including both inside and outside counsel.

  2.9 <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this litigation; and who is not a past or a current owner, officer, director, or employee of a Party and who, at the time of retention, was not anticipated to become an employee of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

  2.10 <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. <u>Scope.</u>

  The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in Court or in other settings that would reveal Protected Material.

4. <u>Duration.</u>

  Even after the termination of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until the Designating Party agrees otherwise in writing or a Court orders otherwise.

5. <u>Designating Protected Material.</u>

  5.1 <u>Exercise of Restraint and Care in Designating Disclosure or Discovery Material for Protection</u>.  Each Designating Party that designates Disclosure or Discovery Material for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the

1  appropriate confidentiality standards.  A Designating Party must take care to
2  designate for protection only those parts of Disclosure or Discovery Material that
3  warrant protection under this Protective Order, so that other portions of the
4  Disclosure or Discovery Material for which protection is not warranted are not
5  swept unjustifiably within the ambit of this Order.
6      Mass, indiscriminate, or routinized designations are prohibited.
7  Designations that are shown to be clearly unjustified, or that have been made for an
8  improper purpose (e.g., to unnecessarily encumber or retard the case development
9  process, or to impose unnecessary expenses and burdens on other parties), expose
10 the Designating Party to sanctions.
11     If it comes to a Party's or a non-party's attention that information or items
12 that it/he/she designated for protection do not qualify for protection at all, or do not
13 qualify for the level of protection initially asserted, that Party or non-party must
14 promptly notify all other parties that it/he/she is withdrawing the mistaken
15 designation.
16     5.2   Manner and Timing of Designations.  Except as otherwise provided in
17 this Order (*see, e.g.*, second paragraph of section 5.2(b), below), or as otherwise
18 stipulated or ordered, Disclosure or Discovery Material that qualifies for protection
19 under this Protective Order must be clearly so designated before such material is
20 disclosed or produced.  Designation in conformity with this Protective Order
21 requires:
22     5.2(a) Where Disclosure or Discovery Material is provided in
23 documentary form (apart from transcripts of depositions or other pretrial or trial
24 proceedings), the Producing Party must affix the legend "Confidential"
25 prominently on each page that contains Protected Material.  If only a portion or
26 portions of the material on a page qualifies for protection, the Producing Party also
27 must clearly identify the protected portion(s) (e.g., by making appropriate
28 markings as "Confidential."  Where stamping the documents is not practical,

1  producing party may designate an entire production as confidential subject to
2  paragraph 4.1 herein.
3     A Party or non-party that makes original documents or materials available
4  for inspection need not designate them for protection until after the inspecting
5  Party has indicated which material it would like copied and produced.  After the
6  inspecting Party has identified the documents it wants copied and produced, the
7  Producing Party must determine which documents, or portions thereof, qualify for
8  protection under this Order, then, before producing the specified documents, the
9  Producing Party must affix the "Confidential" legend at the top of each page that
10 contains Protected Material.  If only a portion or portions of the material on a page
11 qualifies for protection, the Producing Party also must clearly identify the
12 protected portion(s) (e.g., by marking "Confidential" in the margins).Where
13 stamping the documents is not practical, producing party may designate an entire
14 production as confidential subject to paragraph 4.1 herein.
15    5.2(b) <u>for testimony given in deposition or in other pretrial or trial
16 proceedings,</u> the Party or non-party offering or sponsoring the testimony shall
17 identify on the record, before the close of the deposition, hearing, or other
18 proceeding, all protected testimony, and further specify any portions of the
19 testimony that qualify as "Confidential."  When it is impractical to identify
20 separately each portion of testimony that is entitled to protection, and when it
21 appears that substantial portions of the testimony may qualify for protection, the
22 Party or non-party that sponsors, offers, or gives the testimony may invoke on the
23 record (before the deposition or proceeding is concluded) a right to have up to 20
24 days to identify the specific portions of the testimony as to which protection is
25 sought and to specify the level of protection being asserted.  Only those portions of
26 the testimony that are appropriately designated for protection within the 20 days
27 shall be covered by the provisions of this Stipulated Protective Order.
28

1    Transcript pages containing Protected Material must be separately bound by
2    the court reporter, who must prominently affix on each such page and the cover
3    page of the bound material the legend "Confidential," as instructed by the Party or
4    non-party offering or sponsoring the witness or presenting the testimony.
5    Arrangements shall be made with the court reporter taking and transcribing
6    information designated as "Confidential" to label such portions accordingly.  The
7    parties agree that electronic versions of any transcripts need to be segregated by
8    information that is protected under this Protective Order from information which is
9    not protected; however, Counsel shall not provide electronic copies of the
10   transcript to anyone not set forth in Section 7.2 to the extent the electronic version
11   of the transcript contains "Confidential" Protected Material.
12        Any Party may also (i) designate testimony that is entitled to protection or
13   (ii) de-designate testimony that the Party identified during the deposition as
14   entitled to protection and which the Designating Party determines should not be so
15   designated, by notifying all Parties in writing within seven (7) business days of
16   receipt of the transcript, of the specific pages and lines of the transcript which
17   should be treated as "Confidential" thereafter.  Each Party shall attach a copy of
18   such written notice or notices to the face of the transcript and each copy thereof in
19   its or his possession, custody or control.
20            5.2(c) <u>Disclosure or Discovery Material produced other than in
21   documentary or testimony form, and for any other tangible items</u>.  The Designating
22   Party shall affix in a prominent place on the exterior of the container or containers
23   in which the information or item(s) is stored the legend "Confidential."  If only
24   portions of the information or item(s) warrant protection, the Designating Party, to
25   the extent practicable, shall identify the protected portions.
26        5.3    <u>Inadvertent Failure to Designate</u>.  If timely corrected, an inadvertent
27   failure to designate qualified information or items as "Confidential" does not,
28   standing alone, waive the Designating Party's right to secure protection under this

6

Protective Order for such material. If any Disclosure or Discovery Material is appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. <u>Challenging Confidentiality Designations.</u>

6.1 <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with Counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its or his belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it or he has engaged in this meet and confer process first.

6.3 <u>Judicial Intervention</u>.

A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged Disclosure or Discovery Material and sets forth in detail the basis for the challenge. Each such motion must be accompanied

by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

Until the Court rules on the challenge, all parties shall continue to afford the Disclosure or Discovery Material in question the level of protection to which it is entitled under the Producing Party's designation.

7.     Access To And Use Of Protected Material.

   7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 11 below (FINAL DISPOSITION).  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to persons authorized under this Order.

   7.2     Disclosure of "Confidential" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Confidential" only to:

      7.2(a) the Receiving Party, including its or his officers, directors, and employees to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);

      7.2(b) Counsel, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

      7.2(c) Experts (as defined in this Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);

      7.2(d) the Court, any settlement mediator, or their personnel;

          7.2(e) court reporters, videographers and their staffs;

          7.2(f) Professional Vendors to whom disclosure is reasonably necessary for this litigation;

          7.2(g) during their depositions, witnesses in the litigation to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Stipulated Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order; and

          7.2(h) the author(s), recipient(s), of the document or the original source of the information Protected Material.

8. <u>Protected Material Subpoenaed Or Ordered Produced In Other Litigation.</u>

      If a Receiving Party is served with a subpoena or a Court order issued in other litigation that would compel disclosure of any information or items designated in this litigation as "Confidential," the Receiving Party must so notify the Designating Party in writing (by fax, if possible) and in no event more than five (5) court days after receiving the subpoena or Court order. Such notification must include a copy of the subpoena or Court order.

      The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the Protected Material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the party in the other litigation that caused the subpoena or order to issue.

      The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its/his confidentiality interests in the court from where the subpoena or order issued. The Designating Party shall bear the burdens

and the expenses of seeking protection in that court of its Protected Material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this litigation to disobey a lawful directive from another court.

9. <u>Unauthorized Disclosure Of Protected Material.</u>

If a Receiving Party learns that, by inadvertence or otherwise, it/he has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its/his best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Agreement to Be Bound by Stipulated Protective Order" (Exhibit A).

10. <u>Filing Protected Material.</u>

Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this litigation any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5.

11. <u>Hearings In Which Protected Material is Disclosed.</u>

At any hearing in this action at which any Protected Material is to be disclosed by way of exhibit, testimony, argument or otherwise, any Party shall have the opportunity to move, subject to the Court's discretion, to have the hearing held *in camera*, and the record of any such hearing or proceeding shall be maintained in sealed envelopes by the Clerk, subject to the Court's, court clerk's, and counsel's access and used for purposes of this litigation only. The information or use of Protected Material at any hearing or proceeding shall not be deemed a waiver of the confidentiality of such Protected Material under this Protective Order.

12. <u>Final Disposition.</u>

Unless otherwise ordered or agreed in writing by the Producing Party, after the final termination of this action, including any appeals, if a Producing Party requests in writing that the Receiving Party return or destroy of any or all of the Designating Party's Protected Material, within (45) business days of such request, the Receiving Party must submit a written certification to the Designating Party that all Protected Material was returned or destroyed, including any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel may retain an archival set of copies of all pleadings, motion papers, transcripts, legal memoranda, correspondence, attorney work product and Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order including but not limited to as set forth in Section 4 above.

13. <u>Miscellaneous.</u>

13.1 <u>Right to Further Relief</u>. Nothing in this Protective Order abridges the right of any Party to seek its modification by the Court in the future.

13.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it/he otherwise would have to object to disclosing or producing any Disclosure or Discovery Material on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the Disclosure or Discovery Material covered by this Protective Order.

Doc. # CC-234133 v.2

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:**

Dated: October __, 2010     **MULCAHY LLP**

By:_____
JAMES M. MULCAHY
KEVIN ADAMS
Attorneys for Plaintiff
BUDGET BLINDS, INC.

Dated: October __, 2010     MOHAJERIAN, INC.

By:_____
AL MOHAJERIAN
Attorneys for Defendant
WAQAR MAHMOOD

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: November 29, 2010     _____
MARC L. GOLDMAN
United States Magistrate Judge

12

Doc. # CC-234133 v.2

# EXHIBIT A
# AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California, on _____ [date] in the case of *Budget Blinds, Inc.* v. *Waqar Mahmood*, USDC Case No.: 10-CV-00552 PSG (MLGx), I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this litigation.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this litigation or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
[printed name]

Signature: _____
[signature]

13

Doc. # CC-234133 v.2